```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SUSAN GIOVANNI | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-4435 (JBS/JS) |
| v. | |
| MENTOR WORLDWIDE, LLC, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

　　Presently before the court is Plaintiff Susan Giovanni's motion to remand [Docket Item 18] which is opposed by Defendants Ethicon Women's, Inc., Ethicon Womens Health and Urology, Gynecare (collectively "Ethicon"), Mentor Worldwide, LLC ("Mentor"), and Johnson & Johnson.  The Court finds as follows:

　　1.  Plaintiff Susan Giovanni, a citizen of Louisiana, initially filed this complaint in the <u>In re Pelvic Mesh/Gynecare Litigation</u>, Master Docket No. L-6341-10, pending in the Superior Court of New Jersey, Atlantic County Law Division on June 29, 2012, to recover damages pursuant to New Jersey state law for personal injuries caused by the defective product ObTap Transoburator sling.  Specifically, Plaintiff filed a master short form complaint and master long form complaint against the Defendants to join in this consolidated state court litigation. Plaintiff alleges she suffered injuries caused by the surgical implantation of the ObTap Transoburator sling, a pelvic mesh

system used to treat stress urinary incontinence.

2. Defendants Ethicon and Johnson & Johnson are New Jersey corporations with their principal place of business in New Jersey and therefore citizens of New Jersey for diversity purposes. Defendants Ethicon and Johnson & Johnson were served with copies of the complaint and summons on July 12, 2012.

3. Defendant Mentor is also a citizen of New Jersey, as it is a limited liability corporation whose sole member is Ethicon, Inc. Defendant Mentor received a copy of Plaintiff's complaint and summons via certified mail on or about July 16, 2012. [Docket Item 1, Notice of Removal ¶ 25.) That same day, on July 16, 2012, Mentor removed the case to federal court. Id. Mentor also filed a copy of the Notice of Removal with the Superior Court of New Jersey, Atlantic County, Law Division pursuant to 28 U.S.C. § 1446(d).

4. Mentor removed this action based on diversity jurisdiction under 28 U.S.C. § 1332. Mentor maintained that complete diversity exists because Plaintiff is a citizen of Louisiana and all the Defendants are citizens of New Jersey. Mentor also stated that the amount in controversy would exceed $75,000. Mentor acknowledged that removal was improper where a "properly joined" defendant is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, Mentor argued that Ethicon and Johnson & Johnson's citizenship should be

2

ignored for purposes of the forum-defendant rule because they were fraudulently joined.  Mentor also argued that it had not yet been properly served in accordance with New Jersey Rule of Civil Procedure 4:4-4 because it was not personally served with Plaintiff's complaint.  Consequently, Mentor maintained its citizenship should also be disregarded for purposes of the forum-defendant rule and removal was therefore appropriate.

    5.  In addition, Defendant Mentor notified the Judicial Panel on Multidistrict Litigation that this case was a potential tag-along action to MDL 2004, a multi-district litigation created to coordinate all federal cases sharing factual issues as to whether Mentor's ObTape sling was defectively designed and whether Mentor failed to provide adequate warnings concerning the device.  Pursuant to its rules, the Panel automatically issued CTO-48 conditionally transferring this case to MDL No. 2004 on July 19, 2012.  Defendant Mentor also filed a motion to stay pending transfer to the MDL litigation.  [Docket Item 4.]

    6.  Plaintiff subsequently filed the instant motion to remand on August 6, 2012.  [Docket Item 18.]  The Plaintiff argues that removal is improper because all of the Defendants are citizens of New Jersey and the forum-defendant rule precludes removal.  Plaintiff further argues that Johnson & Johnson and Ethicon are not fraudulently joined.  Mentor opposes Plaintiff's motion to remand and maintains that the court should not consider

the citizenship of any of the defendants and therefore cannot apply the forum-defendant rule.  Specifically, Mentor argues that its own citizenship should be disregarded because it was not properly served with the complaint and the forum-defendant rule only prohibits removal "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(emphasis added).  In addition, Mentor argues that Johnson & Johnson and Ethicon were fraudulently joined and therefore their citizenship cannot be considered in determining whether removal is proper.

7.  The Magistrate Judge granted Defendants' motion to stay on August 29, 2012 without prejudice to the discretion of the undersigned to decide the Plaintiff's motion to remand before the final MDL transfer decision is made.  [Docket Item 31.]  The final transfer decision had not been made and the court will now decide the instant motion to remand.

8.  The party removing an action to federal court bears the burden of proving that the federal court has jurisdiction. Samuel-Basset v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004).  "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.3d 848, 851 (3d Cir. 1992). Courts are required to strictly construe 28 U.S.C. § 1441 against

removal and rigorously enforce this policy "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Basset, 357 F.3d at 396.  Further, by construing removal statutes strictly, the court gives proper weight to the Plaintiff's choice of forum.  Zelma v. United Online Communications, Inc., No. 08-1030, 2008 WL 2625349 at *2 (D.N.J. June 27, 2008)(citing McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045 (E.D. Pa. 1989)).

    9.  28 U.S.C. § 1441(b)(2), otherwise known as the forum-defendant rule, provides that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The forum-defendant rule recognizes that removal on the basis of diversity jurisdiction is intended to protect out-of-state defendants from possible local prejudices in state court and consequently, the need for such protection is absent in cases where the defendant is a citizen of the forum where the case is filed.  DeAngelo-Shuayto v. Organon USA, Inc., No. 07-2923, 2007 U.S. Dist. LEXIS 92557, *8 (D.N.J. 2007).  Indeed, the Third Circuit has explained:

> If diversity jurisdiction exists because of a fear that
> the state tribunal would be prejudiced towards the
> out-of-state plaintiff or defendant, that concern is
> understandably allayed when that party is joined with a

> citizen from the forum state. Indeed, when members from the forum state are present on both sides of the controversy, it becomes more difficult to imagine that a state tribunal would favor one side based upon biases in favor of its own citizens.

Dresser Indus. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997).

10. However, the forum-defendant rule creates an opportunity for a plaintiff to engage in procedural gamesmanship to prevent non-forum defendants from removing a case. Specifically, a plaintiff could improperly join a forum defendant or refuse to serve a forum defendant in an attempt to keep the action in state court. Therefore, Section 1441(b) requires the forum defendant to be "properly joined and served" in order to eliminate the potential for abuse. DeAngelo-Shuayto, U.S. Dist. LEXIS 92557 at **8-9. See also Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).

11. Mentor does not dispute that all three defendants in this case are citizens of the forum state. However, Mentor maintains that the court should not consider the citizenship of any of the defendants because they were not properly joined and served as required by Section 1441(b) and therefore the forum-defendant rule does not apply. Mentor argues it was not properly served because it was not served personally with the complaint and summons pursuant to New Jersey Court Rule 4:4-4(a). Mentor further maintains that Johnson & Johnson and Ethicon were

6

fraudulently joined.  The court will first address whether Mentor was properly served.

    12.  In analyzing whether a defendant was properly served before removal, a federal court must apply the law of the state under which the service was made.  Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 561 (D.N.J. 2009).  Mentor was served with the Plaintiff's complaint and summons by certified mail pursuant to New Jersey R. 4:4-4(c) which provides:

> Optional Mailed Service. Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto. This prohibition against entry of default shall not apply to mailed service authorized by any other provision of these rules. If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribed by R. 4:4-1 for issuance of the summons shall then begin to run anew.

N.J. Court Rule 4:4-4(c).  "State and federal courts have recognized the R. 4:4-4(c) is an authorized, permissible form of service under New Jersey law and effective for obtaining personal jurisdiction over a defendant who appears, answers or otherwise responds to service."  Id. (citing Signs By Tomorrow v. G.W. Engel Company, 2006 U.S. Dist. LEXIS 56456, *11-12 (D.N.J. August 1, 2006); Citibank v. Russo, 334 N.J. Super. 346, 351-352 (App. Div. 2000)).  More specifically, service by mail under R. 4:4-

4(c), "is an acceptable alternative to personal service, provided that the court can satisfy itself that the mail was received.  An appearance or other response provides that satisfaction."  MacDonald v. Township of Wall Police Department, No. 11-1598, 2011 U.S. Dist. LEXIS 47905 at **6-7 (D.N.J. May 4, 2011).

    13.  In this case, Mentor was served with the complaint and summons by certified mail on July 16, 2012, and filed a notice of removal that same day.  This notice of removal was filed by Mentor both in federal court and in state court in In re Pelvic Mesh/Gynecare Litigation, Master Docket No. L-6341-10, in the Superior Court of New Jersey, Atlantic County, Law Division pursuant to 28 U.S.C. § 1446(d).  This is sufficient to constitute an appearance under R. 4:4-4(c) because Mentor filed its Notice of Removal on the state court docket and acknowledged notice and receipt of Plaintiff's complaint and summons.  Consequently, since Mentor appeared in state court within 60 days of receiving Plaintiff's complaint by certified mail, Plaintiff's service of the complaint was effective and Mentor was properly served pursuant to R. 4:4-4(c) and 28 U.S.C. § 1441(b)(2).

    14.  This holding is in accordance with other courts that have examined the relationship between New Jersey's Optional Mail Service Rule and the federal removal statutes.  These courts have concluded that optional mail service under New Jersey Court R. 4:4-4(c) is formal service sufficient to trigger a defendant's

thirty-day deadline to remove under 28 U.S.C. § 1446(b) and sufficient to trigger the consent requirement for the rule of unanimity.  See MacDonald v. Township of Wall Police Department, No. 11-1598, 2011 U.S. Dist. LEXIS 47905 (D.N.J. May 4, 2011); Granovsky, 631 F. Supp. 2d at 562; In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 121 (D. Mass. 2006).

15.  Therefore, the court finds that Mentor was properly served by certified mail prior to removal and 28 U.S.C. § 1441(b)(2).  The forum-defendant rule applies to prohibit removal of this case, since Mentor is a citizen of the forum state.  Accordingly, the Plaintiff's motion to remand will be granted.

16.  The court also notes that all defendants in this case are undisputedly defendants of the forum state and cannot be said to be prejudiced by adjudicating this matter in their home state.  To find that a forum defendant, properly served through New Jersey's optional mail service rule, could avoid the application of the forum-defendant rule by arguing that its filing of a Notice of Removal in state court did not constitute an appearance "would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."  Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 643, 645 (D.N.J. 2008) (holding that "it is inconceivable that Congress, in adding the 'properly joined and served' language, intended to create an

9

arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process."). This is especially true in the present case in which every defendant is a forum defendant.

17. Since the court has determined that Mentor was properly served, it is unnecessary for the court to address whether Defendants Ethicon and Johnson & Johnson were fraudulently joined.

18. The accompanying Order for Remand will be entered.


**November 21, 2012**          **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge